UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| KELLYLEE A. SEXTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.  3:03-CV-0627 RM |
| ) | |
| GEORGE PAYNE, *et al.,* ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

Kellylee Sexton brought this action under 42 U.S.C. § 1983 alleging the violation of federally protected rights while he was confined at the Indiana Department of Correction's Maximum Control Facility ("MCF"). This court's screening order of October 2, 2003, dismissed defendant Clanton and granted Mr. Sexton leave to proceed on his excessive use of force claim against defendants Payne, Brooks, Ushery, Buckus, Jones, Ruffin, and Gabrelle. The court dismissed defendant Jones on March 15, 2004, pursuant to Fed. R. Civ. P. 4(m).

This case was referred to the undersigned magistrate judge for the disposition of all dispositive and non-dispositive matters on February 1, 2005, pursuant to 28 U.S.C. § 636(b)(1)(B). This court held an evidentiary hearing in this matter on August 31, 2005. The court now enters its findings of fact and conclusions of law in accordance with Fed. R. Civ. P. 52.

### I. FINDINGS OF FACT AND CONCLUSIONS OF LAW

Mr. Sexton testified that on July 28, 2003, he became irate at custody staff members for harassing him by pushing buttons because he complained about his clothing problems. Mr. Sexton states that he asked to see a senior correctional

officer and, to show his displeasure with the officers, he mixed urine and feces in a bag and threw it on the range in front of his cell.

Mr. Sexton testified that after he threw urine and feces on the range, Major George Payne came to his cell and he submitted to being handcuffed. Mr. Sexton stated that after officers opened his cell door, Major Payne pulled him by his hair and tripped him and then rubbed his face into the mixture of urine and feces. When Mr. Sexton rolled on his back, he says Major Payne put his boot on his chest and then slammed his face into a plexiglass window on the cell door. Mr. Sexton further testified that Major Payne did not allow him to have a shower until the next day. According to Mr. Sexton, Officer Gambrel grabbed his feet during the incident and other officers laughed as the incident unfolded.

Mr. Sexton says he asked Lieutenant Brooks to see a nurse. When Lieutenant Brooks would not call a nurse, Mr. Sexton states that he wadded up small pieces of toilet paper, told officers that they were pills, and pretended to take an overdose of the "pills" in an unsuccessful effort to have medical staff come to his cell and witness his injuries and the fact that he had been rubbed in urine and feces.

Mr. Sexton testified that he asked to speak to an Internal Affairs Investigator. Shortly after that, Major Payne plied Mr. Sexton with jelly beans, Hershey bars, and cigarettes in an unsuccessful effort to prevent him from complaining about the way Major Payne treated him.

Defendant George Payne testified that on July 28, 2003, he was the senior custody officer at the at the MCF. He denied having done any of the things Mr. Sexton accused him of doing to him. Defendants Backus, Gambrel, Ussery, and

Sergeant Clanton and Officer Brown, both of whom worked on the unit that day, also testified. All of these witnesses's testimony was consistent with that of Major Payne. Each of them testified that they do not recall Major Payne doing any of the things Mr. Sexton said he did.

Nurses Patricia Keefer and Karen Henrich also testified. Nurse Henrich, the nursing supervisor at the facility, testified that Mr. Sexton's medical records showed no entries between July 23 and August 4, 2003. According to Nurse Henrich, if an inmate asked to see a nurse, the nurse should have seen him and should have made an entry stating her observations and what the inmate told her. Mr. Sexton's medical records for the period July 9 through October 30, 2003 were received into evidence and showed that Mr. Sexton was seen by a nurse on August 4, and prescribed Tylenol. Nothing in this entry suggests that he complained of a use of force on July 28, 2003.

A violation of the Eighth Amendment's cruel and unusual punishments clause consists of two elements: (1) objectively, whether the injury is sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities, and (2) subjectively, whether the prison official's actual state of mind was one of "deliberate indifference" to the deprivation. Farmer v. Brennan, 511 U.S. 825, 834 (1994); Wilson v. Seiter, 501 U.S. 294 (1991). A correctional officer's use of physical force against an inmate may give rise to an Eighth Amendment claim. Hudson v. McMillian, 503 U.S. 1 (1992); Whitley v. Albers, 475 U.S. 312 (1986). In evaluating whether prison officials violated the Eighth Amendment, the court is to consider factors such as the need for the application of force, the

3

relationship between the need and the amount of force used, and the extent of injury inflicted. Whitley, 475 U.S. at 321.

At the screening stage, the court determined that, if true, Mr. Sexton's allegations stated an Eighth Amendment claim upon which relief can be granted. Having reviewed the evidence and testimony in this case, the court finds the testimony of Major Payne and correctional officers Backus, Gambrel, Ussery, Clanton, and Brown to be more credible than Mr. Sexton's uncorroborated testimony. The court, having observed the demeanor of all the witnesses, concludes that Mr. Sexton's allegations are unsupported by other evidence and simply are not credible.  For the court to conclude otherwise would require a finding that the plaintiff's uncorroborated testimony is truthful and the eight defense witnesses committed perjury and falsified documents.

## II. CONCLUSION

For the foregoing reasons, the court concludes that Major Payne did not use excessive force on Mr. Sexton or rub his body in the urine and feces Mr. Sexton had thrown on the range in front of his cell and **RECOMMENDS** that the plaintiff, Kellylee Sexton, take nothing by his complaint, that final judgment be entered in favor of defendants Payne, Brooks, Ushery, Buckus, Ruffin, and Gabrelle, and in favor of the defendants previously dismissed by the court's orders of October 2, 2003, and March 15, 2004.

**NOTICE IS HEREBY GIVEN that within ten (10) days after being served with a copy of this recommended disposition a party may serve and file specific, written objections to the proposed findings and/or recommendations. FED. R. CIV. P. 72(b).**

**FAILURE TO FILE OBJECTIONS WITHIN THE SPECIFIED TIME WAIVES THE RIGHT TO APPEAL THE DISTRICT COURT'S ORDER.  See <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Lerro v. Quaker Oats Co.</u>, 84 F.3d 239 (7th Cir. 1996); <u>Lockert v. Faulkner</u>, 843 F.2d 1015 (7th Cir. 1988); <u>Video Views, Inc. v. Studio 21 Ltd.</u>, 797 F.2d 538 (7th Cir. 1986).**

**SO ORDERED** this 21st day of October, 2005.

<u>s/Christopher A. Nuechterlein</u>
Christopher A. Nuechterlein
United States Magistrate Judge